UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS LOU ABUSAID, JR.,

v.                                         Case No. 8:04-cr-490-T-17TBM
                                                    8:07-cv-919-T-17TBM

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court upon Defendant Abusadid's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-5;  cr-192) (hereinafter "motion" or "motion to vacate").

PROCEDURAL BACKGROUND

In November 2004, a grand jury in the Middle District of Florida returned an indictment charging Elias Abusaid, Jr. with managing a place for the distribution of MDMA or "ecstasy," in violation of 21 U.S.C. § 856(a) & (b)(2) and possessing ammunition after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Doc. cr-42.

At trial a jury found Abusaid guilty as charged. Doc. cr-78. The district court

sentenced him to ninety-seven months' imprisonment, to be followed by three years' supervised release. Doc. cr-111.

Abusaid appealed, arguing that the district court committed clear error when it calculated drug quantities for sentencing and that his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005). Doc. cr-181 at 2. See Abusaid's appeal brief attached as Exhibit 1 and the Government's Brief attached as Exhibit 2 to Doc. cv-11. The Eleventh Circuit Court of Appeals affirmed Abusaid's sentence by finding that the district court did not err when determining the drug quantity attributable to Abusaid and did not commit any *Booker* error. Doc. cr-181 at 17. In September 2006, a Rehearing and Rehearing en Banc was denied by the Eleventh Circuit. *Abusaid v. United States*, 213 Fed. Appx. 972 (11th Cir. 2006). In January 2007 the Supreme Court denied certiorari. *Abusaid v. United States,* 127 S.Ct. 1163 (2007). (No. 06-8416).

On June 22, 2007, Abusaid filed a timely amended 28 U.S.C. § 2255 motion to vacate and set aside judgment and memorandum of law. Doc. cv-5 and 6. In his motion, Abusaid asserts the following claims: Ground One: Sixth Amendment right to effective assistance of appellate counsel denied (failure to communicate). Doc. cv-5 at 5; cv-6 at 1-4. Ground Two: Abusaid's statutory right to file pro se initial or supplemental brief was violated. Doc. cv-5 at 6; cv-6 at 4-5. Ground Three: Sentence was incorrectly enhanced upwardly when the sentencing court counted local ordinance convictions. Doc. cv-5 at 7, cv-6 at 5-8. Ground Four: Fifth Amendment and due process rights violated when government failed to properly disclose mental illness of prime witness. Doc. cv-5 at 9, cv-8-11.

FACTUAL BACKGROUND

Abusaid was convicted for facilitating the distribution of ecstasy at his Tampa nightclub, Club AV-02. PSR ¶¶ 6-16. An undercover investigation conducted in October 2003 revealed that ecstasy was available for purchase from both employees and patrons of the club. PSR ¶ 7. Undercover federal agents made twenty-seven controlled buys at the club for a total of 184 ecstasy tablets. PSR ¶ 8. In addition, a patron of the club, Hoang Van Bui also informed agents that he had distributed ecstasy at a number of nightclubs in Tampa, that he initially had sold ecstasy outside Club AV-02, that an employee of Club AV-02 eventually facilitated his deals inside the club, and that thereafter he sold as many as 200 tablets of ecstasy at Club AV-02 every weekend for approximately one and one-half years. PSR ¶ 10. Bui also told agents that he was one of approximately seven dealers selling ecstasy at Club AV-02. PSR ¶ 10. He said that he had utilized employees at Club AV-02 to facilitate his sales, that he had talked with Abusaid about his ecstasy business at the club, and that he had given Abusaid both ecstasy tablets and money as a "good business" tactic. PSR ¶ 13.

In October 2004, agents raided Club AV-02 and arrested Abusaid, along with twenty others. PSR ¶ 9. Agents also searched Abusaid's residence and seized numerous rounds of ammunition. PSR ¶ 18. Abusaid previously had been convicted of numerous felonies. PSR ¶ 19.

At trial, Bui reiterated that he had sold ecstasy at Abusaid's club and that he had given Abusaid both ecstasy and money. Doc. cr-145 at 137-40. He testified that he had sold ecstasy for "[a]pproximately two years," Id. at 137, and said that on a "good night" he had been able to sell "approximately 800 pills," Id. at 140. When asked to estimate how

many times he had given Abusaid drugs, Bui said: "I'd say three, maybe four times[.]" Id. at 145.

Another witness, Martin Camano, corroborated Bui's testimony, testifying that he had distributed drugs for Bui at Club AV-02, Id. at 175-80, and that an "average" night was "250, 300 [pills] at the most," Id. at 180. Yet another witness testified that both Camano and Bui had sold ecstasy at Abusaid's club. Id. at 249.

The probation office recommended that the district court set Abusaid's base offense level based on Bui's initial estimate of the drugs he alone had dealt out of Club AV-02, 200 tablets of ecstasy per weekend for one and one-half years. PSR ¶ 26-28. The probation office therefore recommended that the court sentence Abusaid based on involvement with 15,600 tablets (200 tablets per weekend for seventy-eight weekends), which corresponded to 1,950 kilograms of marijuana, for a base offense level of 26. PSR ¶ 28.

At sentencing, Abusaid objected to using Bui's information to set his base offense level, arguing that the information was inherently unreliable. Doc. cr-149 at 20-21; see also Doc. cr-108 (motion with objections filed in court). Abusaid pointed out that Bui had increased the estimate of the number of pills he had sold on which the probation office based its recommendation before the grand jury and, he alleged, at trial. Id. at 32-34. Abusaid also presented a doctor's report concerning an interview with Bui in May 2004 that Abusaid said had found that Bui "suffers from impaired memory, engages in intensive lying, and is not sure what was real in his past and needed others to help sustain it," citing a portion of the report that had been based on the doctor's interview "and co[rroborated] by the support staff of the Public Defender's Office." Id. at 36. Abusaid also brought to the court's attention Bui's own motion in his separate criminal case for a downward departure

based in part on the doctor's report diagnosing him with "Reactive Attachment Disorder." Id. at 37-38.

The district court granted another of Abusaid's objections, Doc. cr-149 at 55-56, but denied his objection to drug quantity, noting that the jury had found Bui believable. Id. at 54.

Throughout the sentencing hearing, the district court confirmed that it was applying the United States Sentencing Guidelines as advisory pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Doc. cr-149 at 4-5.

## DISCUSSION

Abusaid claims in Ground Two of his motion that his statutory right to file a pro se initial or supplemental brief was violated because the Eleventh Circuit Court of Appeals handed down an opinion without considering the issues contained within his pro se supplemental brief. Doc. cv-6 at 4-5. Abusaid also claims in Ground Three of his motion that the district court enhanced his sentence by scoring various convictions incorrectly despite his objections during sentencing. Doc. cv-6 at 5-8. These claims are not cognizable on collateral review.

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a " 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed*

*v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). An allegation that a given sentence is contrary to the sentencing guidelines is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. *See Burke*, 152 F.3d at 1331-32 (collecting cases); see also *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 n.4 (11th Cir. 2002) (expressing doubt whether claim concerning sentencing guidelines misapplication would be cognizable even if not successive).

On these two grounds, Abusaid has not raised constitutional issues, and he has not claimed that any of these errors (assuming that there is an error) constitute a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed*, 512 U.S. at 348. Abusaid's request to discharge his appointed counsel and to proceed pro se was lawfully denied on April 5, 2006. See Court's Order attached as Exhibit 3 to Doc. cv-11 (Abusaid had no constitutional right to self-representation on appeal citing *Martinez v. Court of Appeal of California, Fourth Appellate Distr.*, 528 U.S. 152 (2000)). A subsequent attempt by Abusaid through a request for Rehearing En Banc was also denied. *Abusaid v. United States,* 213 Fed. Appx. 972 (11th Cir. 2006).

As to ground three, Abusaid originally objected to probation's score of one point to an ordinance conviction against his criminal history category. The district court considered his objection, and overruled the objection. Doc. cv-6 at 7-8, cr-149 at 12-13. Prior to the court's ruling, Abusaid conceded. Doc. cr-149 at 12-13.

In these circumstances, Abusaid cannot establish that any of these alleged errors (if they were, in fact, errors) are fundamentally unfair or that they constitute a miscarriage

6

of justice sufficient to form the basis for collateral relief. *See Burke*, 152 F.3d at 1331- 32. Abusaid claims in grounds Two and Three are not cognizable.

In Ground Four, Abusaid argues that the government violated his Fifth Amendment and Due Process rights because it failed to properly disclose the mental illness of a prime witness and that the court should have held a competency hearing once the witness's competency was questioned. Doc. cv-6 at 8-11. Abusaid is not entitled to any relief on these claims because they are procedurally defaulted and lack merit.

Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or actual innocence to excuse the defaults. *McCoy,* 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, a Petitioner must show "some external impediment preventing counsel from constructing or raising the claim." *See High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). To establish prejudice, the Petitioner must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. *See Frady*, 456 U.S. at 164. The futility of raising a claim does not constitute

sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

Abusaid first claims the government failed to disclose to the jury that Bui, one of the government witnesses, suffered from a life-long mental illness and that it was the government's duty under Brady to do so. Doc. cv-6 at 9. Then Abusaid admitted that the government did in fact provide medical documentation of Bui's illness to him, but because he was an "incarcerated pro se defendant who apparently overlook[ed] these most important papers during trial," the government should have brought that information to the jury's attention themselves. *Id.* Notwithstanding Abusaid's flawed interpretation of *Brady,* the fact of the matter is that the government did comply with all of its obligations under *Brady* and provided Abusaid with copies of all of Bui's prior statements and medical records. Doc. cr-149 at 30-31. In fact, Abusaid used some of it during cross examination:

> ABUSAID: Now, do you realize I have your PSI reports here, testimony that you made to the grand jury, things of that nature. Mr. Preston did tell you that I would have that in my possession; are you aware of that?

Doc. cr-145 at 155. Later, at the time of sentencing, Abusaid objected to the court's reliance of Bui's alleged unreliable testimony to make a drug quantity determination, but never raised the alleged "*Brady*" violation or asked the court for a "competency hearing." Because these issues, as frivolous as they are, were available to Abusaid at sentencing and during the appeal, but were not raised, they are procedurally defaulted. Abusaid has failed to show cause for not raising these issues before and has failed to show prejudice. After detailed discussion of Bui's testimony and alleged medical condition, the Eleventh Circuit Court of Appeals found that Bui's testimony, which Abusaid never impeached on cross-examination, was believed by the jury, was strong evidence of Abusaid's guilt, and

despite Bui's Reactive Attachment Disorder ("RAD"), there was no reason to believe that Bui was lying about his drug sales. Doc. cr-181 at 12. The Court also found that the district court made a credibility determination in favor of Bui, and tempered that determination by using a lower, more conservative number (of drugs sold) than proffered at trial to make it's drug quantity determination. Id. Abusaid 's claims in ground four are procedurally defaulted.

In ground one, Abusaid claims his appellate counsel was ineffective because he refused to communicate with him when the initial brief was being put together and he failed to raise several important issues such as incorrect sentence enhancements, insufficient evidence, inter alia. Doc. cv-5 at 5, cv-6 at 2-4. The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright,* 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *Strickland,* 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of

counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." *Chandler,* 218 F.3d at 1313. This burden of persuasion, though not insurmountable, is a heavy one. *See id.* at 1314. "'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." *Id.* at 1314 (quoting *Strickland*, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland,* 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *See id.* at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not . . . that the particular defense

lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." *Id.* Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Id.*

Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." *Id.* at 1315. For a Petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." *Id.* at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." *Id.* at 1317.

The inquiry into whether an appellate counsel is ineffective is not whether counsel failed to appeal "every conceivable legal point" but whether counsel's performance was deficient and whether such performance prejudiced the defense, which the petitioner has the burden of demonstrating. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). Counsel does not provide ineffective assistance when frivolous arguments are not raised on appeal. Jones v. Barnes, 463 U.S. 745 (1983); *see also United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (attorney not ineffective for failing to raise a meritless issue). The Sixth Amendment does not even require appellate advocates to raise every non-frivolous issue. *Heath*, 941 F.2d at 1131. Instead, effective advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious. *Id.* Thus, even though an issue not appealed may have been successful, the appellate advocacy has to be judged in its entirety. *Id.* To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court must examine the merits of the issues the defendant alleges his counsel was derelict in not raising on appeal. *Miller v. Dugger*,

11

858 F.2d 1536, 1538 (11th Cir. 1988). Appellate counsel is not ineffective for failing to raise claims "reasonable considered to be without merit." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), cert. denied, 469 U.S. 956 (1984).

Abusaid claims that appellate counsel was ineffective because he failed to raise several issues that would or should have resulted in a favorable outcome of his appeal. Doc. cv-6 at 3. In addition, counsel showed a lack of interest in Abusaid's case and refused to even accept e-mail communication. *Id.* Abusaid supported this allegation with a two line footnote in which he mentions that he provided his counsel with a brief raising other issues such as; a judgment of acquittal should have been granted, deliberate ignorance jury instruction was unconstitutional, and ammunition conviction conflicts with State law. *Id.* at 3. To show prejudice for failure to raise these issues Abusaid cites to his counsel's lack of interest. Id. at 4. Abusaid's conflict with his second appointed counsel should have been resolved when the Eleventh Circuit denied Abusaid's request to proceed pro se. See Order attached as Exhibit 4 to Doc. cv-11. The court informed Abusaid that decisions about the issues to be raised and the contents of the brief were to be made by counsel in his considered professional judgment, *citing Jones v. Barnes,* 103 S.Ct. 3308, 3312 (1983); *United States v. Burke*, 257 F.3d 1321 (11th Circ. 2001). Abusaid continued to challenge the Court's rulings until the court filed an Order directing the Clerk to return unfiled the "motion for leave to submit a supplemental or initial brief (pro se) to Abusaid and to accept no further filings from him until after the issuance of the Court's opinion in the appeal. See Order attached as Exhibit 5 to Doc. cv-11.

The record in this case does not support a finding of either deficient performance or prejudice. Appellate counsel raised two issues that were at the core of Abusaid's main

12

objections during trial and sentencing -- Bui's testimony and the court's reliance on his testimony. See Exhibit 1 to Doc. cv-11. Because Counsel is not required to raise all possible issues during appeal, Abusaid has failed to show deficient performance. In addition, Abusaid has failed to properly demonstrate the merits of the issues he alleges his counsel was allegedly derelict in not raising on appeal and any resulting prejudice. As Abusaid failed to establish either the performance or prejudice prong of the *Strickland* test, Abusaid's claim of ineffective assistance of appellate counsel is without merit. Accordingly, based on his motion and the record now before this Court, Abusaid has not established any entitlement to relief based on any of the claims raised in his motion to vacate.

Accordingly, the Court orders:

1. That Abusaid's motion to vacate (Doc. cv-5; cr-192) is denied.

2. That Abusaid's motion to supplement the amended 2255 (Doc. cv-13) is denied.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 1, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  James C. Preston, Jr.
Elias Lou Abusaid, Jr.